UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESSE D. SHAFFER,

   Petitioner,

  v.             CAUSE NO.: 3:19-CV-271-JD-MGG

WARDEN,

   Respondent.

## OPINION AND ORDER

Jesse D. Shaffer, a prisoner without a lawyer, filed a habeas corpus petition regarding his conviction and sentence for failing to register as a sex offender under Case No. 2D06-1505-F6-411. He indicates that he has been sentenced to confinement at the Logansport State Hospital since May 7, 2017, though the Allen Superior Court sentenced him on July 21, 2016. *State v. Shaffer*, Case No. 2D06-1505-F6-411, available at https://public.courts.in.gov/mycase. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

After reviewing the petition, it is unclear whether Jesse D. Shaffer challenges his conviction and sentence under 28 U.S.C. § 2254 or whether he challenges the execution of his sentence under 28 U.S.C. § 2241. *See Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) ("Judicial review pursuant to 28 U.S.C. § 2241, in contrast, provides the appropriate mechanism in a claim concerning the computation of a sentence.").

However, under either statute, a petitioner is generally required to exhaust State court remedies.

Under Section 2254, Shaffer cannot obtain habeas relief unless he has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* Though exhaustion is not statutorily required for Section 2241 petitions, federal courts may require a habeas petitioner to exhaust his or her administrative remedies. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy*, 503 U.S. at 146. "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Id.* Here, the petition indicates that Shaffer has never raised his habeas claims at any level in State court. Further, nothing in the petition suggests that these claims require immediate judicial review. As a result, the court finds that Shaffer must exhaust his State court remedies with respect to his habeas claims but that he has not done so.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Shaffer to proceed further, and a certificate of appealability is denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because it is unexhausted;

(2) DENIES Jesse D. Shaffer a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Jesse D. Shaffer leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3);

(4) DIRECTS the clerk to close this case.

SO ORDERED on April 9, 2019

       /s/ JON E. DEGUILIO
       JUDGE
       UNITED STATES DISTRICT COURT